**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joshua Thomas CORS, Defendant—Appellant.**

**No. 04–30135.**

**D.C. No. CR–03–00047–DWM.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2005.*

Decided Jan. 18, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Kris A. McLean, Esq., Office of the U.S. Attorney District of Montana, Missoula, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, and GRABER and FISHER, Circuit Judges.

### MEMORANDUM **

Joshua Cors appeals the district court's denial of his motion to suppress his statement to police officers concerning the location of a firearm underneath his mattress and his motion to suppress the firearm itself. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's denial of both suppression motions.

An officer's obligation to give a suspect *Miranda*[1] warnings before interrogation extends only to those instances where the individual is "in custody." *See United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). To determine whether an individual is in custody, a court decides, after examining all of the circumstances surrounding the interrogation, "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Id.* (internal quotation marks omitted). Applying the five-factor *Kim* test, *see id.* at 974, we hold that the district court correctly found that Cors was not in custody and that the officers were therefore not required to give him his *Miranda* warnings. Thus, the district court properly declined to exclude Cors' statement regarding the whereabouts of the gun.

Because we conclude that Cors was not in custody, we need not decide whether the public safety exception applies to the officer's question about whether there were firearms on the premises. *See New York v. Quarles*, 467 U.S. 649, 656, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984) (discussing the public safety exception).

We also hold that the district court did not err in denying Cors' motion to suppress the firearm itself, based on the inevitable discovery doctrine. The searching officer testified that he always looked under mattresses when executing search warrants in drug cases. Because the officer was already in Cors' residence in order to execute a valid search warrant, he inevitably would have discovered the gun through his routine search practice. *See United States v. Reilly*, 224 F.3d 986, 994 (9th Cir.2000) (discussing the inevitable discovery doctrine). Thus, the district court properly declined to exclude the gun itself.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).